IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 5:14-CV-718-FL

| | | |
|---|---|---|
| LARRY McLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY M. LEONARD, individually and in his official and supervisory capacities as the Chief of Police for the Town of Wake Forest, North Carolina Police Department, T.C. WEBB, individually and in his official capacity as a Police Officer with the Town of Wake Forest, North Carolina Police Department, and J.J. Jefferson, individually and in his official and supervisory capacities as a Police Sergeant with the Town of Wake Forest, North Carolina Police Department, TOWN of WAKE FOREST, North Carolina, DONNIE HARRISON, individually and in his official capacity as Sheriff for Wake County, North Carolina, and WAKE COUNTY, North Carolina, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for judicial notice. (DE 95). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons stated more specifically herein the motion is granted in part, and denied in part.

## STATEMENT OF THE CASE

Plaintiff Larry McLean ("McLean") initiated this action on October 28, 2014, against Jeffrey Leonard, Chief of Police for Wake Forest; Officer T.C. Webb and Sergeant J.J. Jefferson of the Wake Forest Police Department; the Town of Wake Forest; Wake County; and Wake County Sheriff Donnie Harrison. Plaintiff claims defendants are liable under 42 U.S.C. § 1983 for violating his constitutional rights, under 42 U.S.C. § 1986 for knowing of a conspiracy to violate his civil rights, and under state common law for torts of assault and battery, false imprisonment, and negligent infliction of emotional distress. He seeks more than $2,000,000.00 in compensatory and punitive damages.

On January 12, 2015, defendants Harrison and Wake County filed a motion to dismiss all claims against them for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 28). The court referred the motion to dismiss to the magistrate judge. Memorandum followed wherein the magistrate judge recommended dismissal of claims against these defendants. (DE 56). Ultimately, the court adopted the recommendation and these two defendants were dismissed from the case. (DE 61, 62). On December 11, 2015, the remaining defendants filed their motion for summary judgment. (DE 66). A number of exhibits were made a part of plaintiff's response to the motion for summary judgment not now before this court. They are as follows:

- A. U.S. Census Bureau Quick Facts for the Town of Wake Forest, North Carolina ("Exhibit 2") (DE 91-2);

- B. Summary of Black-White Differences in Traffic Stops and Searches in Wake Forest, NC, 2002-2013," a study conducted by a professor at the University of North

2

Carolina using data collected by the North Carolina Department of Justice ("Exhibit 3") (DE 91-3);

C. Town of Wake Forest Annual Budget, 2014-2015, pages 1 through 64 ("Exhibit 4A") (DE 91-4);

D. Town of Wake Forest Annual Budget, 2014-2015, pages 65 through 117 ("Exhibit 4B") (DE 91-5);

E. "The Disproportionate Risks of Driving While Black," New York Times study of Greensboro, North Carolina Police Department, allegedly using data collected by the North Carolina Department of Justice ("Exhibit 5") (DE 91-6);

F. Larry McLean Arrest Report ("Exhibit 6") (DE 91-7); and

G. North Carolina Traffic Stop Analysis, a study conducted by a University of North Carolina professor, allegedly using statistics collected by the North Carolina Department of Justice ("Exhibit 7") (DE 91-8).

In their reply to plaintiff's response, defendants protested the court's consideration of these materials on motion for reasons therein given. (DE 94). Thereafter, plaintiff moved the court to take judicial notice of the documents. (DE 95). Upon this further briefing, defendants now object to the court's consideration to Exhibits Three, Five, and Seven, as hearsay and beyond the scope of judicial notice. (DE-96).

## DISCUSSION

"Under Federal Rule of Evidence 201, courts at any stage of a proceeding may 'judicially notice a fact that is not subject to reasonable dispute,' provided that the fact is 'generally known within the court's territorial jurisdiction' or 'can be accurately and readily determined from sources

whose accuracy cannot reasonably be questioned." Zak v. Chelsea Therapeutics Int'l, Ltd., 780 F.3d 597, 607 (quoting Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013)). Whether a fact is properly the subject of judicial notice depends on the use to which it is put. Clatterbuck 708 F.3d at 557-558.

Defendants do not contest the motion with respect to Exhibits Two, Four-A, Four-B, and Six. On careful analysis, the court determines that they are subject to judicial notice. They are factual documents, the accuracy of which be readily determined from sources, such as the U.S. Census, the accuracy of which cannot reasonably be questioned. As such, they may be considered.

As a threshold matter, defendant objects to the admission of Exhibits Three, Five, and Seven as inadmissable hearsay. Plaintiff asserts that Exhibits Three and Seven are exceptions to hearsay as public records, and Exhibit Five is self-authenticating as a newspaper. See Fed.R.Evid. 803(8); Fed.R.Evid. 902(6).

The public record exception to hearsay provides:

Records or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case against the Government, factual findings from a legally authorized investigation . . .

Fed.R.Evid. 803(8)

There is no indication from the face of the exhibits or in plaintiff's briefing that the publications plaintiff is presenting for judicial notice were statements of a public office setting out its own activities, were "observed while under a legal duty to report," or were "factual findings from a legally authorized investigation." Id. Instead, they appear to be ordinary academic publications, by a University of North Carolina professor, analyzing and assessing the significance of information

4

made available by the North Carolina Department of Justice. As such, they are not "public records" within the meaning of Rule 803(8).

Plaintiff's argument that Exhibits Three and Seven are "public records" is two-fold. First, plaintiff asserts that inasmuch as they were authored by an employee of the University of North Carolina, a state school, they are public records. Second, plaintiff asserts that because these studies rely on data from the North Carolina Department of Justice's Uniform Crime Reporting Program, the studies themselves are matters of public record.

Neither of these arguments has merit. Not only is the initial argument at odds with the language of 803(8), but it would transform any publication by a professor at a public school into a "public record" and thereby render it admissible as non-hearsay. Plaintiff's second argument ignores the distinction between the publication and the data itself. Even if underlying data from which the publication was developed was 'observed while under a legal duty to report,' and therefore a 'public record,' that would not in this instance render publications and assertions made by a separate entity with respect to that data a 'public record' to which the rule applies.

While Rule 902(6) provides that newspapers are self-authenticating, the Fourth Circuit has repeatedly held that newspapers are inadmissible hearsay where presented for truth of their contents. See Gantt v. Whitaker 57 Fed. Appx. 141, 150 (4th Cir. 2003); see also United States v. Rebrook, 58 F.3d 961, 967 (4th Cir. 1995) (abrogated on different grounds); cf. U.S. v. Romer, 148 F.3d 359 (4th Cir. 1998) (holding that district court did not abuse discretion in admitting a newspaper article because it was not offered to prove the truth of its contents) (overruled on different grounds). In the instant case, plaintiff is plainly citing Exhibit 5 for the truth of a matter asserted therein, specifically for a quoted assertion that "there is no evidence that just increasing stops reduces crime." (Pl. resp.

5

at 9, DE 91).[3] This is not simply hearsay, but hearsay nested within hearsay, and therefore is not admissible before this court.

The court notes that these three exhibits are not simply collections and summaries of information from the North Carolina Department of Justice. Instead, they contain summaries mixed with a discussion that analyzes, assesses the significance of, and draws conclusions from the data. Plaintiff seeks to use these exhibits for the additional, subjective assessments they contain, rather than simply for the data underlying the authors' conclusions. As these may be subject to reasonable dispute, and are not 'readily verified' by the underlying data, the court declines to exercise its discretion to judicially notice the contested exhibits.

Plaintiff additionally argues that the Court should judicially notice these documents because they cite or utilize statistics gathered by the North Carolina Department of Justice, which is a source that cannot be reasonable disputed. Simply because these exhibits utilize statistics which may be subject to judicial notice does not transform all of the subjected assertions into facts that are themselves subject to judicial notice. See Clatterbuck, 708 F.3d at 558. This goes beyond and is in addition to facts readily verified by reference to the underlying source, and is therefore not properly subject to judicial notice.

In sum, the court must deny the motion with respect to Exhibits Three, Five, and Seven.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judicial notice is GRANTED in part and DENIED in part. (DE 95). Exhibits Two, Four-A, Four-B, and Six are admitted and noticed by the court. Exhibits Three, Five, and Seven will not be considered.

SO ORDERED, this the 17th day of June, 2016.

LOUISE W. FLANAGAN
United States District Judge